UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL G. WATKINS-ISRAYL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV439 TCM |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has reviewed the petition under Rule 4 of the Rules Governing § 2254 Cases, and the Court will direct petitioner to show cause why the petition should not be dismissed as time-barred.

Petitioner pled guilty to tampering in 1989.  See State v. Watkins, 21CCR-580971 (21st Judicial Cir., St. Louis County).  He received a suspended execution of sentence.  In 1990 his probation was revoked and he was assigned to the Department of Corrections for three years' incarceration.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner asserts that in this case § 2244(d)(1)(C) applies. Petitioner relies on the recent Supreme Court case Martinez v. Ryan, 132 S. Ct. 1309 (2012), in which the Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance. Petitioner argues that his trial counsel was ineffective for failing to advise him that his state conviction could later be used to enhance a federal sentence; he further argues that if he had been properly advised he never would have pled guilty but would have insisted on going to trial.

Petitioner's reliance on Martinez is misplaced. Martinez does not provide a basis for extending the limitations period under § 2244(d)(1)(C), as the Court's

decision was an "equitable ruling" that did not establish "a new rule of constitutional law." Id. at 1319. As a result, the petition is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than **April 12, 2013**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be summarily dismissed.

Dated this 12th day of March, 2013.

                                                _/s/ John A. Ross_
                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE