# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARL G. WATKINS-ISRAYL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV439 TCM |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Court's show cause order. Petitioner filed a § 2254 case that is twenty-three years beyond the limitations period, and so the Court directed petitioner to show cause why this action should not be dismissed. After reviewing the response, the Court finds that it falls short, and therefore, the Court will dismiss this action without further proceedings. See 28 U.S.C. § 2254, Rule 4.

Petitioner pled guilty to tampering in 1989. See State v. Watkins, 21CCR-580971 (21st Judicial Cir., St. Louis County). He received a suspended execution of sentence. In 1990 his probation was revoked and he was assigned to the Department of Corrections for three years' incarceration.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner asserts that in this case § 2244(d)(1)(C) applies. Petitioner relies on the recent Supreme Court case Martinez v. Ryan, 132 S. Ct. 1309 (2012), in which the Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance. Petitioner argues that his trial counsel was ineffective for failing to advise him that his state conviction could later be used to enhance a federal sentence; he further argues that if he had been properly advised he never would have

pled guilty but would have insisted on going to trial. Petitioner also claims that he asked his attorney to file a notice of appeal but that his attorney failed to do so.

Petitioner's reliance on Martinez is misplaced. Martinez does not provide a basis for extending the limitations period under § 2244(d)(1)(C), as the Court's decision was an "equitable ruling" that did not establish "a new rule of constitutional law." Id. at 1319. Moreover, petitioner's claim that his attorney failed to file a notice of appeal does not excuse his failure to file a timely § 2254 petition. As a result, the petition is time-barred.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 11th day of April, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE